UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**OSCAR ORLANDO BARRERA-PINEDA,**

      Petitioner,

v.                                    Civil Action No. 2:22cv411

**D. LEU, Warden,
FCC PETERSBURG,**

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner Oscar Orlando Barrera-Pineda ("Barrera-Pineda" or "Petitioner"), a federal inmate incarcerated at Federal Correctional Complex ("FCC") Petersburg, is currently serving a 292-month sentence for one count of aiding and abetting the manufacture and distribution of five kilograms of cocaine knowing it would be imported to the United States, in violation of Title 21 U.S.C. §§ 959, and 960(b)(1), and 18 U.S.C. § 2. Pet'r's Br. at 2-3 (ECF No. 1 at 10-11). After unsuccessfully seeking relief on collateral review under 28 U.S.C. § 2255, Barrera-Pineda has now filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his conviction violates the terms of an extradition treaty with Columbia. Id. at 10-14 (ECF No. 1, at 18-22). Apparently relying on the "savings clause" in § 2255(e), Barrera-Pineda asks the court to vacate his convictions for lack of jurisdiction. Id. at 9-12 (ECF No. 1 at 17-20).

1

Respondent D. Leu, Warden of FCC Petersburg, ("Respondent") filed a brief opposing Barrera-Pineda's Petition. Respt.'s Resp. (ECF No. 11). Respondent argues that Barrera-Pineda's claims are not cognizable under § 2241 and that this court therefore lacks jurisdiction to review them. Id. at 6-7. After reviewing the parties' arguments, this Report concludes that Barrera-Pineda cannot satisfy the 28 U.S.C. § 2255(e) savings clause test set out in In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), to establish that § 2255 is inadequate and ineffective to test the legality of his conviction. Accordingly, the Report RECOMMENDS that Respondent's Motion to Dismiss for Lack of Jurisdiction be GRANTED, and that the Petitioner's habeas petition be DENIED and DISMISSED.

## I. STATEMENT OF THE CASE

On October 15, 2009, Barrera-Pineda was indicted by a federal grand jury in the Eastern District of Texas on counts related to a drug trafficking investigation originating in Columbia. United States v. Barrera-Pineda, 4:09cr194 (E.D. Tx. 2009), Pet'r's Br. 2-4 (ECF No. 1, at 10-12). A Texas jury convicted Barrera-Pineda on Count Two in October 2012. Id. On February 18, 2014, the court sentenced Petitioner to 292 months incarceration. Id.

Barrera-Pineda appealed his conviction, which was affirmed by the Fifth Circuit Court of Appeals on January 28, 2016. See United States v. Rojas, 812 F.3d 382 (5th Cir. 2016). Petitioner then

filed a § 2255 motion alleging numerous grounds on which to vacate his conviction and sentence including lack of jurisdiction, ineffective assistance of counsel, violation of the extradition treaty with Columbia and defects in the indictment. Am. Mot. to Vacate, Barrera-Pineda v. United States, 4:16cv624 (E.D. Tex. October 11, 2016) (ECF No. 5). The district court denied Barrera-Pineda's motion on all grounds in a detailed written order and denied a certificate of appealability. Mem. Op. & Order, Barrera-Pineda v. United States, 4:16cv624, (E.D. Tex. Sept. 18, 2019) (ECF No. 30). On October 3, 2022, Petitioner filed this petition for a writ of habeas corpus under Title 28 U.S.C. § 2241 in the Eastern District of Virginia. Pet. (ECF No. 1). Petitioner asserts that he was improperly convicted in the Eastern District of Texas. Specifically, he claims the court violated an extradition treaty with Columbia and convicted him based on conduct for which he had already been prosecuted in his home country. Pet'r's Br. at 11 (ECF No. 1, at 19). Respondent filed a Response, asserting the court lacked jurisdiction to entertain Petitioner's § 2241 filing. (ECF No. 11, at 6-7). Barrera-Pineda filed his reply to Respondent's arguments, (ECF No. 14), and the matter is now ripe for review.

## II.  **LEGAL STANDARD**

Title 28, § 2255 of the United States Code provides the intended vehicle by which federal prisoners may seek to challenge

3

their convictions or sentences by collateral attack. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Only when § 2255 is "inadequate or ineffective to test the legality of ... detention" may a federal prisoner pursue relief under § 2241. 28 U.S.C. § 2255(e); see also Rice, 617 F.3d at 807. But § 2255 is not rendered "inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

In re Jones recognized a narrow set of circumstances in which § 2255 would be inadequate to test the legality of a federal prisoner's detention, thereby triggering the "savings clause" in § 2255(e). It established a three-part test for prisoners seeking habeas relief under § 2241. That provision is available if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34. Thus, under In re Jones, a federal prisoner can pursue a § 2241 motion only if he did not have an "opportunity to utilize a § 2255 motion to take advantage of a change in the

4

applicable law." Rice, 617 F.3d at 807.[1]

The savings clause of § 2255 is jurisdictional. United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018). Accordingly, the court may not consider the merits of Barrera-Pineda's claims but must instead dismiss his Petition unless he is able to satisfy the appropriate test. Id.

### III. ANALYSIS

Respondent asserts that the court should dismiss Barrera-Pineda's § 2241 Petition for lack of jurisdiction, as he makes no showing that the conduct for which he was convicted — aiding and abetting the distribution of cocaine for import to the United States — has been rendered non-criminal. As a result, Respondent argues, Petitioner's § 2241 claims do not satisfy the test from In re Jones. I agree.

"As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015) (citation omitted); see also Rice, 617 F.3d at 807 ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and

---

[1] In March of 2018, the Fourth Circuit decided United States v. Wheeler, reaffirming In re Jones but fashioning a new four-part test for prisoners seeking to invoke the § 2255 savings clause to challenge their sentences under § 2241. See 886 F.3d 415, 428-29 (4th Cir. 2018). Because Barrera-Pineda challenges the validity of his conviction and not only the resulting sentence, In re Jones provides the appropriate test.

5

sentences through § 2255."). Petitioner clearly asserts that he is challenging the validity of his conviction and sentence, not only its execution. Pet. at 2 (ECF No. 1, at 2).

There is also no dispute that the challenges Barrera-Pineda asserts here were known to him at the time of his sentence. As a result, Barrera-Pineda had an "unobstructed procedural shot at filing a § 2255 motion" and has, in fact, already brought a § 2255 petition asserting claims identical to those raised here.[2] Mem. Op. & Order, Barrera-Pineda v. United States, 4:16cv624 (E.D. Tex. Sept. 18, 2019) (ECF No. 30). The district court in which Barrera-Pineda was sentenced considered his arguments and determined that they lacked merit. Id. at 3-4. In addition, Barrera-Pineda also raised jurisdictional claims related to the extraterritorial reach of the federal statute on direct appeal to the Fifth Circuit. United States v. Rojas, 812 F.3d 382, 390-91 (5th Cir. 2016).

"[B]ecause Petitioner had an opportunity to utilize a § 2255 petition to raise the arguments he now raises in his § 2241 Petition, 'a § 2241 motion is unavailable to him.'" Pride v. Ormond, 2:19cv222, 2019 WL 8016565, at *4 (E.D. Va. Dec. 30, 2019) (quoting Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010)

---

[2] As Petitioner has already filed a § 2255 petition, he would have to receive certification from the Court of Appeals in the district that sentenced him allowing him to file a second or successive petition under § 2255 in that district. 28 U.S.C. § 2255(h); Rouse v. Wilson, 2014 WL 12521458, at *4 (E.D. Va., Feb. 19, 2014).

6

(per curiam)). A petitioner can only challenge the legality of his detention under § 2241 if § 2255 is "inadequate or ineffective to test the legality of ... detention." 28 U.S.C. § 2255(e); see also United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (emphasizing that "prisoners may only resort to the savings clause where the other avenues for remedy in § 2255 are ineffective"). But the fact that Petitioner's previous § 2255 motion was denied does not entitle him to challenge his conviction under § 2241. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (noting that "[a] contrary ruling would effectively nullify the gatekeeping provisions"). In order to challenge the legality of his sentence under § 2241, Petitioner must meet the requirements of the savings clause set out in Jones, which he cannot do.

The second step of the Jones test asks whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the ... settled substantive law changed such that the conduct for which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333. Petitioner in this case cannot point to any change in substantive law "subsequent to the prisoner's direct appeal and first § 2255 motion." Id. In fact, the arguments he makes in his § 2241 Petition are identical to those raised before and rejected by the court in his original petition under § 2255, and the extraterritorial implications of his conviction were also fully litigated on

7

appeal. The same statutes addressed in each of those challenges — which prohibit international drug trafficking — still impose criminal penalties for the conduct which a Texas jury found Barrera-Pineda aided and abetted. And Barrera-Pineda cites no other change in the law which would render that conduct non-criminal.

In sum, Petitioner has not shown any change in substantive law suggesting he could satisfy the jurisdictional test in In re Jones. Accordingly, the court lacks jurisdiction over Barrera-Pineda's Petition.

## IV. RECOMMENDATION

For the foregoing reasons, the court lacks jurisdiction to entertain Barrera-Pineda's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Accordingly, this report recommends that the court DISMISS Barrera-Pineda's Petition, (ECF No. 1), without prejudice for lack of jurisdiction.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules

of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 6, 2023

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Oscar Orlando Barrera-Pineda**
18940-078
Federal Correctional Complex Petersburg Low
P.O. Box 1000
Petersburg, Virginia 23804

and an electronic copy was provided to:

**Sherrie S. Capotosto**
Assistant United States Attorney
United States Attorney's Office
101 W. Main Street
Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

/s/ J. L. Meyers
By _____
Deputy Clerk

June 6, _____, 2023